# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GURKAMAL SINGH and ROSIE SANDHU,<br><br>Plaintiffs,<br><br>v.<br><br>L. FRANCIS CISSNA, Director, United States Citizenship & Immigration Services; KIRSTJEN M. NIELSEN, Secretary, Department of Homeland Security; JEFF SESSIONS, Acting United States Attorney General,<br><br>Defendants.<br>_____/ | Case No. 1:18-cv-00782-SKO<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE TRANSFERRED TO THE EASTERN DISTRICT OF PENNSYLVANIA PURSUANT TO 28 U.S.C. § 1404(a)** |

Plaintiffs Gurkamal Singh ("Singh") and Rosie Sandhu ("Sandhu") (collectively, "Plaintiffs") bring this action challenging the denial of a Petition for Alien Relative (Form I-130) filed by Plaintiff Sandhu on behalf of her husband, Plaintiff Singh. (*See* Doc. 1 (Compl.).) Pending before the Court is Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16.) Plaintiffs oppose the motion. (Doc. 18.) For the reasons that follow, the Court ORDERS the parties to show cause why this case should not be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a). Because it is unclear at this juncture whether this

case should be transferred, the Court will not address Defendants' motion to dismiss, and the currently scheduled hearing date for the motion shall be vacated. In the event the case is not transferred, the Court will resolve Defendants' motion, with or without a hearing, as necessary.

## I. BACKGROUND

Plaintiff Singh is a citizen of India who entered the United States without inspection on or about March 7, 1996, at or near Brownsville, Texas. (Compl. ¶ 7; Doc 1-2 (Compl. Exh. 1).) In 1997, Plaintiff Singh filed an application for asylum and was placed in removal proceedings. (Compl. ¶¶ 47–48, Exh. 1.)

In 2000, Plaintiff, while living in Fresno, CA, met Evelyn Williams, a U.S. citizen who lived in Buttonwillow, CA. (Compl. ¶ 55, Doc. 1-9 (Compl. Exh. 8) at 2; Doc 1-37 (Compl. Exh. 36) at 43–44.) Plaintiff married Ms. Williams on April 24, 2001, in Las Vegas, NV. (Compl. ¶ 53, Exh. 8.) On April 30, 2001, Ms. Williams filed a Petition for Alien Relative (Form I-130) on behalf of Plaintiff Singh. (Compl. Exh. 1.)

On October 8, 2002, Plaintiff Singh and Ms. Williams appeared at the U.S. Immigration and Naturalization Service office in San Francisco, CA, to provide sworn testimony and supporting documentation in support of their I-130 petition. (Compl. ¶ 54, Exhs. 1 and 36.) During the interview by the immigration officer, Ms. Williams made "statements about the false nature of her marriage" to Plaintiff Singh. (Compl. ¶ 10.) Attached to Plaintiff's complaint is a document titled "United States Department of Justice, Immigration and Naturalization Service, Record of Sworn Statement in Affidavit Form" executed at San Francisco, CA, on October 8, 2002, purportedly signed by Ms. Williams and containing the following handwritten statement:

> Oh my, I got a call from Peter Singh who asked me if I would be willing to get a so called husband. I said maybe and asked why. Later that day Peter and another man stopped by at my house and we talked a little more about what I needed in a man a housemate [sic]. This all took place the afternoon of the 4/23/01. When Kamel's uncle agreed to pay my PG&E bill in the amount of $1800.00 I said OK. Then 4/24/01 we went to Las Vegas. Where we were married 4/25/01 [sic]. We never have had sex. He has never truly moved in with me. From time to time he calls or stops by my house. We talk more on the phone than in person. I married him because I needed a man around the house, because I was being harassed by my ex-husband and my house was broken into. I just wanted a man there sometime. Also in the agreement he would be able to receive a greencard. If I would stay married

2

to him [sic].

(Compl. ¶¶ 66, 98, Exs. 1, Doc. 1-41 (Compl. Exh. 40).) Following the interview, Ms. Williams withdrew her I-130 petition on behalf of Plaintiff Singh. (Compl. ¶ 80, Ex. 1.) Plaintiff Singh and Ms. Williams divorced in Fresno, CA, on March 1, 2004. (Compl ¶ 53, 109, Ex. 8.)

Plaintiff Singh married Plaintiff Sandhu, a U.S. citizen, in Elkton, MD, on September 1, 2006. (Compl. ¶ 7, 110, Doc. 1-8 (Compl. Exh. 7).) Plaintiff Sandhu has filed a series of three unsuccessful I-130 petitions on behalf of Plaintiff Singh. The first was filed on October 23, 2006, and was denied in a decision dated September 30, 2009, by the Director of the Philadelphia Field Office of the U.S. Citizenship and Immigration Services (USCIS) located in Philadelphia, PA. (Comp. ¶¶ 110–111, Exh. 1.) The decision stated that the approval of Plaintiff Sandhu's I-130 petition was "precluded under section 204(c) of the [Immigration and Nationality] Act because the totality of the evidence establishes that [Plaintiff Singh] previously entered into a fraudulent marriage with Evelyn Williams seeking to be accorded an immediate relative status as the spouse of a citizen of the United States." (Compl. Exh. 1.)

The second petition was filed on September 23, 2011, and was similarly denied by the Director of the USCIS Philadelphia Field Office on January 6, 2014. (Compl. ¶ 112, Exh. 1.) Plaintiff Sandhu appealed the denial to the Board of Immigration Appeals, located in Falls Church, VA, who dismissed the appeal on January 20, 2015. (Compl. 113, Doc. 1-3 (Compl. Exh. 2).)

On July 13, 2016, Plaintiff Sandhu filed her third I-130 petition on behalf Plaintiff Singh. (Compl. ¶ 114, Exh. 1.) Plaintiffs personally appeared for an initial interview relating to their third petition at the USCIS Philadelphia Field Office on August 9, 2017. (Compl. ¶ 27.) On March 13, 2018, a Director of the USCIS Philadelphia Field Office denied Plaintiff Sandhu's third petition, finding it prohibited under Section 204(c) of the Immigration and Nationality Act ("INA") because "substantial and probative evidence establish[ed] that [Plaintiff Singh] previously entered into a sham marriage in an attempt to gain immigration benefits."[1] (Compl. ¶¶ 29, 114, Exh. 1.) The

---

[1] Section 204(c) of the INA, 8 U.S.C. § 1154(c), prohibits a change in immigration status if the alien "has previously been accorded, or has sought to be accorded, an immediate relative or preference status as the spouse of a citizen of the United States or the spouse of an alien lawfully admitted for permanent residence, by reason of a marriage determined by the Attorney General to have been entered into for the purpose of evading the immigration laws."

3

"Notice of Decision" denying her third I-130 petition was mailed to Plaintiff Sandhu at 69 Savoy Road, Newark, DE.[2]

Plaintiffs subsequently filed this action, which seeks declaratory relief and an order enjoining Defendants from removing Plaintiff Singh from the United States until his claims have been heard or reviewed. (*See* Doc. 1.)

## II. DISCUSSION

Plaintiffs challenge the USCIS's decision to deny Plaintiff Sandhu's third I-130 petition on the grounds that it was arbitrary, capricious, an abuse of discretion, and contrary to law in violation of the Administrative Procedures Act, 5 U.S.C. § 701. (Compl. ¶¶ 1, 114.) Focusing on Ms. Williams' oral and written confession, Plaintiffs contend that the USCIS's finding of marriage fraud should be set aside because the immigration officer intimidated and coerced Ms. Williams into making the confession and, as such, it was the product of duress. (*Id*. ¶¶ 10, 25, 99, 119, 152.) Plaintiffs also bring claims for violation of Sections 201(b) and 204(c) of the INA (*id*. ¶¶ 128–130, 134–36); a claim under 28 U.S.C. § 1983 for violation of the Equal Protection Clause of the Fourteenth Amendment due to the allegedly excessive amount of time it has taken USCIS to adjudicate Plaintiff Sandhu's petitions (*id*. ¶¶ 137–39); and a claim for violation of Plaintiffs' procedural due process rights under the Fifth Amendment because they were not given the opportunity to cross-examine either Ms. Williams or the immigration officer who took Ms. Williams' statement on October 8, 2002 (*id*. ¶¶ 140–47.)

According to Plaintiffs, venue is proper in this district pursuant to 28 U.S.C. § 1391(e).[3] (Compl. ¶ 5.) Plaintiffs allege that the requirements for venue under § 1391(e) are met in this case

---

[2] The decisions denying Plaintiff Sandhu's prior I-130 applications were also mailed to this address in Newark, DE. (*See* Compl. Exh. 1.)

[3] Section 1391(e) provides:

> A civil action in which a defendant is an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

28 U.S.C. § 1391(e).

4

because Plaintiff Sandhu "is a resident of California," Defendant USCIS is an "agency that operates within this district," and "many of the events, acts or omissions giving rise to the claims occurred in this judicial district." (Compl. ¶ 6.)

As an initial matter, because Defendants have waived the issue of whether venue is proper in this district by failing to raise the defense of improper venue in its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court will not address the issue of whether venue is proper in this district under 28 U.S.C. § 1391(e).[4] However, even assuming that venue is proper in this district, the Court may sua sponte transfer this case to another district under 28 U.S.C. § 1404(a), so long as the parties are first given the opportunity to present their views on the issue.[5] *Costlow v. Weeks*, 790 F.2d 1486, 1488 (9th Cir. 1986) (citing *Starnes v. McGuire*, 512 F.2d 918, 934 (D.C. Cir. 1974) (where neither party has requested transfer, the district court, should, at a minimum, issue an order to show cause why the case should not be transferred)); *Pavao v. Unifund CCR Partners*, 934 F. Supp. 2d 1238, 1242 (S.D. Cal. 2013). *See also Minichino v. Sutidze*, No. C 11–02484 SBA, 2012 WL 621459, at * 2 (N.D. Cal. 2012) ("The Court may sua sponte transfer an action under § 1404(a).").

Section 1404(a) provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought or to any district . . . to which all parties have consented." 28 U.S.C. § 1404(a). Given the location of the operative events and omissions giving rise to this action, the Eastern District of California appears to be an inappropriate venue for this case. The complaint does not allege any involvement with Plaintiff Sandhu's I-130 petitions by USCIS personnel based in this district, nor does it allege that the USCIS Field Office within this district took any action on or made any

---

[4] Under Federal Rule of Civil Procedure 12, a defendant waives the defense of improper venue by omitting it from a motion to dismiss brought under Rule 12(b). *See* Fed. R. Civ. P. 12(b), 12(g), 12(h); *King v. Russell*, 963 F.2d 1301, 1305 (9th Cir. 1992) (defendants' "failure to raise the defense of improper venue in conjunction with their 12(b)(6) motion constituted a waiver of that defense.").

[5] This is so even where a defendant has waived its objection to venue. *See Nat'l Prod., Inc. v. Arkon Res., Inc.*, CASE NO. C15-1984JLR, 2018 WL 1457254, at *7 n.7 (W.D. Wash. Mar. 23, 2018).

decisions regarding Plaintiff Sandhu's I-130 petitions.[6] Rather, all three of the I-130 petitions were adjudicated by the USCIS Field Office in Philadelphia, which is within the Eastern District of Pennsylvania, and the allegations in Plaintiff's complaint suggest that all, or at least a substantial part, of the operative events providing the basis for this action occurred within that district.[7] In addition, the relief Plaintiffs seek would be directed entirely to the USCIS Field Office in Philadelphia.[8] As such, the Eastern District of Pennsylvania appears to be the appropriate venue for this case. Accordingly, the Court orders the parties to show cause why this case should not be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1404(a).

### III.  ORDER

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. The parties shall show cause in writing why this case should not be transferred to the Eastern District of Pennsylvania pursuant to 28 U.S.C § 1404(a). The parties shall

---

[6] The Court notes that the "coerced" confession made by Ms. Williams on October 8, 2002, as Plaintiffs allege in their complaint, was elicited at the Immigration and Naturalization Service office in San Francisco, CA. San Francisco is within the *Northern* District of California.

[7] Although Plaintiffs allege that "Mrs. Sandhu and her husband, Mr. Singh are residents of Fresno, California" (Compl. ¶ 7), the Court is skeptical that such was the case at the time they filed their complaint on June 6, 2018. The exhibits to Plaintiffs' complaint show that the Notice of Decision issued by the USCIS Philadelphia Field Office on March 13, 2018, denying the third I-130 petition was mailed to Plaintiff Sandhu in Newark, DE. (Compl. Exh. 1.) Plaintiff Singh submitted a sworn declaration to the USCIS dated November 16, 2017, averring, under penalty of perjury, that he "presently reside[s]" in Newark, DE. (Doc. 1-31 (Compl. Exh. 30).) While it is possible that in the intervening seven months Plaintiffs relocated from Newark, DE, to Fresno, CA, there is nothing in the exhibits that would support drawing that inference. Plaintiffs' response to this order to show cause shall therefore provide evidence substantiating their allegation that they resided in Fresno as of June 6, 2018, the date of filing of their complaint.

[8] Plaintiffs specifically request that the court order the USCIS "immediately approve" Plaintiff Sandhu's I-130 petition on behalf of Plaintiff Singh. (Compl. ¶117, pp. 58–59.) Such request is urgent, according to Plaintiffs, because a Final Order of Removal was issued against Plaintiff Singh on February 23, 2017, and he is "now in the crosshairs of imminent removal from the Unites States," to be deported to his home country where he had been "actively persecuted because of his Sikh religion," and only remains in the United States "at the mercy and kindness of [USCIS]," where he continues to suffer "significant and irreparable harm." (*Id*. ¶¶ 9, 115, 116. 120.) Plaintiff Sandhu and her children "live in constant fear of [Plaintiff Singh's] removal" and suffers from "severe depression . . . as a result of her husband's predicament, at times being bed-ridden and completely unable to continue with everyday activities." (*Id*. ¶¶ 123, 125.)

The most recent tables of Federal Court Management Statistics show that the median time to disposition for civil cases in the Eastern District of Pennsylvania is 6.0 months, making it the 7th speediest district. The Eastern District of California is ranked 55th, with a median time to disposition of 9.5 months. The median time to trial in civil cases is 44.8 months in the Eastern District of California; its rank in this category is 55. The Eastern District of Pennsylvania is ranked the 5th speediest district for time to trial, with a median time of 19.2 months. *See U.S. Courts, Federal Court Management Statistics, June 2018*, http://www.uscourts.gov/statistics-reports/federal-court-management-statistics-june-2018 (last visited August 29, 2018). Thus, it appears Plaintiffs' desire for a swift adjudication of their case will be achieved more readily in the Eastern District of Pennsylvania, where it will be resolved sooner, than in this Court.

| | |
|---|---|
| 1 | file briefs, not to exceed ten (10) pages, by no later than seven (7) days from the date |
| 2 | this Order is entered. |
| 3 | 2. Alternatively, the parties may file a stipulation requesting that this case be transferred |
| 4 | to the Eastern District of Pennsylvania pursuant to § 1404(a), or may argue (or |
| 5 | stipulate) that the Court should transfer to the District of Delaware, instead. |
| 6 | 3. In light of this Order, the currently scheduled hearing date of October 3, 2018, for |
| 7 | Defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) |
| 8 | is VACATED. In the event that this case is not transferred, the Court will resolve |
| 9 | Defendants' motion, with or without a hearing as necessary. |

IT IS SO ORDERED.

Dated: **August 29, 2018**  /s/ *Sheila K. Oberto*
UNITED STATES MAGISTRATE JUDGE